Núm. 1.—Pueblo, querellante, *v.* The Fajardo Sugar Co. of P. R., etc., dmdas.— Enero 18, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

Vistas las mociones radicadas separadamente por cada una de las tres corporaciones demandadas, por las que solicitan la eliminación de ciertas alegaciones de la querella presentada en este caso, y examinados los alegatos sometidos por una y otra parte en pro y en contra de las eliminaciones solicitadas, *se resuelve*:

I. En cuanto a la moción presentada por The Fajardo Sugar Company of Porto Rico, se eliminan de la querella las siguientes alegaciones:

Las palabras ''han perdido todos sus derechos a ejercer las franquicias y privilegios que les fueran concedidos,'' que aparecen en las líneas 6 y 7 del primer párrafo de la querella, por ser una mera conclusión legal· y no una exposición de hechos.

Y se declara sin lugar la moción en cuanto a las demás eliminaciones solicitadas.

II. En cuanto a la moción eliminatoria radicada por The Fajardo Sugar Growers' Association, además de las eliminaciones ordenadas a virtud de moción de The Fajardo Sugar Company of Porto Rico, se eliminan las siguientes alegaciones:

(*a*) Del párrafo (*h*), inciso 1, página 5 de la querella, las líneas 1 a 5 del último párrafo de dicha página, que leen:

''A tenor y por virtud de dicho Artículo VIII, Sección 3, dichas 'Asociaciones por Acciones' son de esta suerte tenidas por personas naturales, con el propósito de investirlas con la capacidad de demandar y ser demandadas.''

Por constituir una mera conclusión de derecho y ser de carácter argumentativo.

(*b*) Del inciso 5, párrafo (*h*), parte de la última línea de la página 8 y líneas 1 a 8 de la página 9 de la querella, que dicen:

". . . De esta suerte la ley del Estado de Nueva York es que tales 'Asociaciones por Acciones' están autorizadas y facultadas para negar a cualquiera de sus miembros todo derecho, en su capacidad como tales miembros, a representar o actuar por la asociación, e investir de todos los poderes para representar y actuar por la asociación a los directores, oficiales, administradores o fiduciarios que se designen.''

Por ser una conclusión de derecho y puramente argumentativa.

(c) Del inciso 6, párrafo (h), página 9 de la querella, líneas 7 a 13, lo siguiente:

". . . De esta suerte es la ley del Estado de Nueva York la de que dichas 'Asociaciones por acciones' están autorizadas y facultadas a que todos los derechos de asociación estén representados por las acciones, las cuales acciones son transferibles libremente *inter vivos* y las que, al óbito de un accionista, pasan a sus sucesores legales.''

Por ser dichas alegaciones meras conclusiones legales y de carácter argumentativo.

(d) Del inciso 6, párrafo (h), últimas cuatro líneas de la página 9 de la querella y las dos primeras líneas de la página 10, lo siguiente:

". . . De tal suerte que la ley del Estado de Nueva York es la de que dichas 'Asociaciones por acciones' están autorizadas y facultadas, por sus cláusulas de asociación, a restringir o abolir todos los derechos de cualquiera de sus miembros a disolver la compañía por voluntad propia.''

Por ser de carácter argumentativo y meras conclusiones de derecho.

(e) Del inciso 14, párrafo (h), página 15 de la querella, desde la línea 23 a la última de dicho inciso, lo siguiente:

". . .; de esta suerte los procedimientos para hipotecar, dar en arrendamiento o vender bienes inmuebles de dichas 'Asociaciones por acciones' y los procedimientos para el nombramiento de síndicos para dichas 'Asociaciones por acciones' están regidos por las leyes aplicables a tales procedimientos en materia de corporaciones.''

Por envolver una conclusión legal y ser de carácter argumentativo.

Y se declara sin lugar dicha moción en cuanto a las demás eliminaciones solicitadas.

III. Se declara con lugar la moción de The Loíza Sugar Company en cuanto a las eliminaciones arriba ordenadas a virtud de las mociones presentadas por las otras dos demandadas, y sin lugar en cuanto a las otras eliminaciones solicitadas.

IV. Se concede al querellante un término de quince días. para enmendar su querella de conformidad con los términos de esta resolución; y a cada una de las demandadas un término de veinte días para presentar las excepciones que creyeren convenientes o para contestar la querella enmendada, debiendo contarse dicho término desde la fecha en que dichas demandadas o sus abogados fueren notificados con copia de la querella enmendada.

V. En vista de la importancia y transcendencia del caso de autos y del volumen de su expediente, que consta ya de 1,555 páginas, el tribunal opina que su labor, así como la de los abogados de ambas partes, se facilitaría grandemente si el récord de este caso fuese impreso, acompañado de un índice que ayude a localizar las numerosas piezas que forman el expediente; y sugiere a las partes la conveniencia de que así se haga.

Los Jueces Asociados señores Wolf y Córdova Dávila no intervinieron.